UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GREGORY ROSE and CATHERINE ROSE, and the marital community composed thereof,<br><br>        Plaintiffs,<br><br>        v.<br><br>BANK OF AMERICA, N.A., aka BANK OF AMERICA CORPORATION, a North Carolina Company; MTC FINANCIAL INC. dba TRUSTEE CORPS., a Washington licensed Corporation; and EQUIFAX INFORMATION SERVICES, LLC, a Georgia Limited Liability Company,<br><br>        Defendants. | No. 2:16-cv-00122-SAB<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER** |

Before the Court is Defendant's Motion for Protective Order, ECF No. 26, and Plaintiff's Motion to Continue Defendant's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(d), ECF No. 46. Defendant MTC Financial Inc. ("MTC") seeks a protective order against certain discovery requests propounded by Plaintiffs Gregory and Catherine Rose related to their claims under the

**ORDER GRANTING DEFENDANT'S MOTION FOR . . . ^ 1**

Washington Consumer Protection Act ("CPA"), RCW 19.86.010 *et seq.*, and the federal Fair Debt Collection Process Act (FDCPA), 15 U.S.C. § 1692 *et seq.* The Court heard the motion without oral argument, and considered Plaintiff's response, ECF No. 33, and Defendant's reply, ECF No. 34. For the reasons below, the Court **GRANTS** the motion and orders that Defendant MTC Financial, Inc. be protected from responding to certain discovery requests.

Because of the time the Court took to rule on this motion, the Court will allow Plaintiffs to respond to Defendant's motion for summary judgment on an extended schedule.

## FACTS

The case arises from the foreclosure of Plaintiffs' former property, a parcel of real estate in Deer Park, Washington. A foreclosure was initiated by Bank of America ("BoA") in mid-2009, which a state court enjoined. Plaintiffs and BoA engaged in litigation over the foreclosure, which ended through a settlement agreement reached in 2013 discharging Plaintiffs' debt and granting possession and full rights of the property to BoA. Plaintiffs allege that BoA subsequently began harassing them in an attempt to collect the now-discharged debt through letter and telephone, and that BoA failed to pay property taxes owed on the house. Plaintiffs allege that BoA further violated the 2013 settlement by reporting the account to credit agencies as "past due."

BoA appointed Defendant MTC as successor trustee in August 2015. BoA soon referred the home to MTC for foreclosure action in July 2015, though MTC alleges that it was unaware of any harassment regarding the debt.

MTC sent various demand letters to Plaintiffs and initiated a non-judicial foreclosure against Plaintiffs in February 2016, and later postponed the trustee sale of the property when it received Plaintiffs' complaint in this case. BoA and the Plaintiffs reached a second settlement in 2016 after this case was filed. Plaintiffs

**ORDER GRANTING DEFENDANT'S MOTION FOR . . . ^ 2**

contend that MTC's actions constitute violations of the CPA, FDCPA, the Washington Collection Agency Act ("CAA"), RCW 19.16.100 *et seq.*, the Washington Deed of Trust Act ("DTA"), RCW 61.24.005 *et seq.*, and the common law tort of outrage.

As part of a discovery request, Plaintiffs seek copies of each Notice of Default, Notice of Foreclosure, Notice of Trustee's Sale, and Notice of Postponement of Trustee's Sale that MTC has issued in Washington State in the prior three years. Plaintiffs also ask MTC to describe in detail their reasoning for postponing each trustee's sale in the state, and request copies of all complaints filed against MTC in state and federal courts and agencies over the past four years. These requests form the substance of the instant discovery dispute.

Defendant contends producing these documents would not be proportional to the needs of the case, and that the documents have no legally relevant bearing on Plaintiffs' claims. Defendant provides an affidavit explaining that the producing the requested documents would be burdensome. Plaintiffs argue that the requested discovery is necessary because the statutes under which they bring their claims require plaintiffs to present pattern and practice evidence, or evidence that Defendant MTC treated other borrowers in a similar manner. In particular, Plaintiffs state that the CPA and FDCPA require "pattern of conduct" discovery. Plaintiffs also deny that producing the requested discovery would be unduly burdensome.

The parties met and conferred on January 6, 2017, but were unable to resolve the dispute. This motion for a protective order followed.

//
//
//
//
//

**ORDER GRANTING DEFENDANT'S MOTION FOR . . . ^ 3**

## DISCOVERY REQUESTS IN DISPUTE

The Court lists below the discovery requests in dispute:

A. Plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents Propounded to Defendant MTC Financial, Inc., ECF No. 28, Ex. B at 18, Interrogatories:

Number 2: "Please state the number of Notices of Default Defendant issued in Washington State in the previous three years."

Number 3: "Please state the number of Notices of Foreclosure Defendant issued in the state of Washington in the previous three years."

Number 4: "Please state the number of Notices of Trustee's Sales Defendant issued in the state of Washington in the previous three years."

Number 5: "Please state the number of properties Defendant actually sold at Trustee's Sale Defendant actually sold in the state of Washington in the previous three years."

Number 6: "Please state the number of Notices of Postponement of Trustee's Sales Defendant issued in the state of Washington in the previous three years."

Number 7: "Please *state in full detail* Defendant's reason(s) for postponing each Trustee's Sale referenced in the preceding interrogatory."

B. Plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents Propounded to Defendant MTC Financial, Inc., ECF No. 28, Ex. B at 18, Requests for Production:

Number 1: "Produce copies of each Notice of Default Defendant issued in the state of Washington in the previous three years."

Number 2: "Produce copies of each Notice of Foreclosure Defendant issued in the state of Washington in the previous three years."

//

**ORDER GRANTING DEFENDANT'S MOTION FOR . . . ^ 4**

Number 3: "Produce copies of each Notice of Trustee's Sale Defendant issued in the state of Washington in the previous three years."

Number 4: "Produce copies of each Notice of Postponement of Trustee's Sale Defendant issued in the state of Washington in the previous three years."

Number 6: "Produce copies of each complaint filed against Defendant with Washington's Attorney General, within the last four years."

Number 7: "Produce copies of each complaint filed against Defendant with Washington's Department of Commerce, within the last four years."

Number 8: "Produce copies of each complaint filed against Defendant with Washington's Department of Licensing, within the last four years."

Number 9: "Produce copies of each complaint filed against Defendant with a Washington State Court, within the last four years."

Number 10: "Produce copies of each complaint filed against Defendant with a Federal Court within the State of Washington, within the last four years."

Number 11: "Produce copies of each complaint filed against Defendant with the Federal Trade Commission, within the last four years."

Number 12: "Produce copies of each complaint filed against Defendant with the Consumer Financial Protection Bureau, within the last four years."

Number 13: "Produce copies of each complaint filed against Defendant with the Department of Justice, within the last four years."

C. Documents requested as part of Plaintiff's Notice of 30(b)(6) deposition, ECF No. 28 Ex. F as listed in Exhibit B, nos. 2 through 5 and 7 through 14 (which seeks copies of the above notices and complaints).

//

//

//

//

//

**ORDER GRANTING DEFENDANT'S MOTION FOR . . . ^ 5**

**STANDARD**

Fed. R. Civ. P. 26(b)(1) sets the scope of permissible discovery as:

> [A]ny nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Id.* "District courts have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). A court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *Reza v. Pearce*, 806 F.3d 497, 508 (9th Cir. 2015).

**ANALYSIS**

As a preliminary matter, the Court concludes that the disputed discovery requests will be treated identically. Doing so is well within this Court's broad discretion. *Hunt*, 672 F.3d at 616. This is because all of the disputed requests describe information that is not truly related to the case in question, in that all the requests seek information on Defendant's actions in regards to other foreclosures, lawsuits, and enforcement actions. The question becomes, then, to what extent, if any, are information, documents, and descriptions of actions taken in other foreclosures and lawsuits discoverable in this case and under the statutory claims asserted by Plaintiff? Rather than overwhelm the parties with pages and pages of

identical analysis, the Court discusses why this information *en toto* is not discoverable under the statutes under discussion.

*A. Consumer Protection Act Claim.*

The Washington State CPA law was enacted to allow the protection of the public from unfair or deceptive business practices. RCW 19.86.920. The Washington State legislature specifically stated that the CPA should "complement the body of federal law governing restraints of trade, unfair competition and unfair, deceptive and fraudulent acts and practices in order to protect the public and foster fair and honest competition." *Id.* The law grants a private right of action to plaintiffs for injunctive relief, damages (which may be trebled), attorneys' fees, and costs. RCW 19.86.090.

To prove a CPA claim, a plaintiff must show "(1) an unfair or deceptive act or practice that (2) occurs in trade or commerce, (3) impacts the public interest, (4) and causes injury to the plaintiff in her business or property, and (5) the injury is causally linked to the unfair or deceptive act." *Steele v. Extendicare Health Servs., Inc.*, 607 F. Supp. 2d 1226, 1230 (W.D. Wash. 2009) (citing *Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 602 (2009)).

This discovery dispute hinges on the third element, the existence of a public interest impact.[1] Plaintiff argues that under the CPA, pattern evidence is required as an essential element to prove public interest impact. Defendant argues that pattern and practice evidence is not necessary under the statute to show public interest impact, and that public interest impact is already shown in this case.

In RCW 19.86.093, the Washington legislature set forth three ways that a private plaintiff can prove the public interest factor of a CPA claim: (1) show that the allegedly illegal conduct violates a statute incorporating the CPA; (2) show

---

[1] The discovery in dispute has no bearing on proving any of the other four elements of a CPA claim.

**ORDER GRANTING DEFENDANT'S MOTION FOR . . . ^ 7**

that the illegal conduct violates a statute that contains a specific legislative declaration of public interest impact; or (3) show that the conduct (a) injured other persons, (b) had the capacity to injure other persons, or (c) has the capacity to injure other persons.

Plaintiffs cite *Demelash v. Ross Stores, Inc.*, 105 Wash. App. 508, 519, 20 P.3d 447, 453 (2001), where the Court granted a motion compelling defendant Ross Stores, Inc. to propound information on other shoplifting security incidents separate from the plaintiff's own incident. The court did so to allow the plaintiff to show that the "unfair or deceptive conduct occurred as part of a generalized course of conduct in the past that is likely to continue into the future." *Id.*

This is part of the prong set forth by the Washington Supreme Court to allow plaintiffs to show public interest impact where the allegedly unfair or deceptive act was a consumer transaction. *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 790 (1986). However, because the Court concludes the public interest is impacted, there is no need for these factors to be considered, and thus no need for discovery to be propounded on this issue.

In *Panag v. Farmers Ins. Co. of Wash.*, the Washington Supreme Court held that "the business of debt collection affects the public interest." 166 Wn.2d 27, 54 (2009). [2] Though the judiciary may no longer *sua sponte* declare certain actions as per se public interest cases, *Hangman Ridge*, 105 Wn.2d at 790, this interpretation of other per se violation rules help the Court determine that the public interest prong would be proven in this case. Violations of the FDCPA, DTA, and the CAA are per se public interest violations of the CPA. *Id.* Defendant has alleged violations of these acts in their complaint. This in itself is sufficient for the public interest to be impacted under their claims.

---

[2] Further, federal courts have found that repeat-players in the foreclosure industry effect the public interest. *See, e.g.*, *Knecht v. Fid. Nat. Title Ins. Co.*, No. C12-1575RAJ, 2013 WL 7326111, at *6 (W.D. Wash. Mar. 11, 2013).

**ORDER GRANTING DEFENDANT'S MOTION FOR . . . ^ 8**

Further, "[t]he strong public policy underlying state and federal law regulating the practice of debt collection also applies where collection practices do not fall within the laws' prohibitions." *Panag*, 166 Wn.2d at 54. Therefore, *even if* the precise acts Plaintiffs allege in their complaint do not lead to exact violations of the CAA, DTA, or FDCPA, the allegation of claims related to the "regulat[ion of] the practice of debt collection" are sufficient for the Court to find the public interest is impacted in the case. This is because "the CPA is intended to provide broader protection than exists under the common law or statute." *Id.*

Defendant concedes these points, and admits that Plaintiffs do not need "pattern and practice" evidence to prove the public interest element of a CPA claim. Since the public interest factor is met as a matter of law through the statutes under which Plaintiffs bring their claims, the discovery in question presents no importance in resolving an issue in this case. Allowing the discovery to proceed would be disproportionate to the needs of the case.[3] For the above reasons, the propounded discovery in issue will be denied under Plaintiffs' CPA claims.

*B. Fair Debt Collection Practices Act Claim.*

The Court now turns to Plaintiffs' other proffered reason for their discovery request: alleged violations of the FDCPA. To establish a FDCPA claim, "a plaintiff must establish that (1) the plaintiff is a consumer, (2) who was the object of a collection activity arising from a debt, (3) the defendant is a debt collector, and (4) the defendant violated a provision of the FDCPA." *Munoz v. Cal. Bus. Bureau, Inc.*, No. 1:15-CV-01345-BAM, 2016 WL 6517655, at *4 (E.D. Cal. Nov. 1, 2016) (citing *Turner v. Cook*, 362 F.3d 1219, 1227-28 (9th Cir. 2004)).

Nothing in the statute indicates that a plaintiff need to prove that a defendant "violated a provision of the FDCPA" in regards to *another consumer* in

---

[3] Under the "relative access to information" factor, the Court also notes that complaints filed in lawsuits are generally publically available.

**ORDER GRANTING DEFENDANT'S MOTION FOR . . . ^ 9**

another case or transaction. It is clear that to succeed in a FDCPA claim, a plaintiff need only show defendant harmed him or her *viz a viz* that particular lending relationship. Thus the Court concludes that when evaluating the elements of an FDCPA claim there is no indication that discovery on other, unrelated foreclosures or court cases is proportional to the needs of the case, or an issue at stake, and offers no benefits in contrast to the cost to produce. Fed. R. Civ. P. 26(b)(1).

Plaintiffs specify that under the damages provision of the FDCPA, the Court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). A plain reading of this statute indicates that these factors would be evaluated in terms of a plaintiff's relationship and transactions with a defendant.

However, Plaintiffs argues that they "need pattern and practice discovery to prove that Defendant's persistent noncompliance was *intentional*." ECF No. 33 at 5:14-16. The Court concludes that theoretically, evidence of massive and systemic noncompliance with the FDCPA could lend some evidence to a finding of intent, but such evidence is not close to necessary for a finding of intent under FDCPA and allowing for an award of damages. Rather, the statute is properly read in the context of persistent debt collectors frequently harassing borrowers with phone calls and voice messages. Further, intent can be determined and inferred in numerous ways, including the examination of corporate policies, internal discussions of Plaintiffs' case, and the nature of Defendant's actions with regard to Plaintiff. Given the low probity of the discovery sought, its low importance in resolving relevant issues, and the high cost of producing it, the Court concludes that a protective order should issue.

There is no requirement that plaintiffs show intent through the consideration of other cases or foreclosures initiated by Defendant. Courts uniformly construe § 1692k(b)(1) factors as between the individual plaintiff and defendant. In *Garcia*

**ORDER GRANTING DEFENDANT'S MOTION FOR . . . ^ 10**

*v. Creditors Specialty Serv., Inc.*, No. 14-CV-01806-BLF, 2016 WL 6778681, at *8 (N.D. Cal. Nov. 16, 2016), while construing "the factors enumerated in 15 U.S.C. section 1692k(b)(1)," the court awarded statutory damages. In doing so, the court only considered the defendant's conduct *viz a viz* the plaintiff. In *Jiang v. New Millennium Concepts Inc.*, No. 15-CV-04722-JST, 2016 WL 3682474, at *4 (N.D. Cal. July 11, 2016), the court found that defendant acted willfully in persistently notifying plaintiff about efforts to collect a debt after plaintiff indicated it was contested. This Court itself has construed the statute in this manner in the past. *Weigand v. Cheung*, No. 2:14-CV-00278-SAB, 2016 WL 3222836, at *1 (E.D. Wash. Feb. 4, 2016). *See also Corvello v. Wells Fargo Bank N.A.*, No. 10-CV-05072-VC, 2016 WL 3995909, at *5 (N.D. Cal. Jan. 29, 2016) (construing statutory damages under FDCA on "a case-by-case basis").

Further, the FDCPA act specifies in § 1692k(b)(2) that class action cases use the same factors to determine damages. The presence of separate statutory sections, one for individual claims, and a second for class action claims, would logically indicate that cases arising under the former should be limited to evidence of persistence, noncompliance, and intent generated from the relationship and transactions at suit.

Plaintiffs have not shown that collecting information on other complaints filed against Defendant will help establish intent nearly as effectively as discovery related to the specific treatment of Plaintiffs by Defendant. The requested discovery for other cases is therefore disproportionate to the claims at issue in this case.

**COSTS**

Under Fed. R. Civ. P. 37(a)(5), after granting a motion for protective order, the Court "must require . . . the party or attorney advising [the conduct necessitating the motion] to pay the movant's reasonable expenses incurred in

**ORDER GRANTING DEFENDANT'S MOTION FOR . . . ^ 11**

making the motion, including attorney's fees." The only exceptions are if the other party's "nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust." *Id.* Plaintiff having not offered any other circumstances, the Court considers whether there was substantial justification, i.e., whether "reasonable people could differ as to whether the party requested must comply" with the motion for a protective order. *Reygo Pac. Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982).

Plaintiffs had a colorable argument that their discovery requests were necessary to prove an element of their claims. Generally, plaintiffs are allowed to decide what way to prove their cases, and it was uncertain to them whether the Court would conclude the public interest element of a CPA claim was per se proven. Therefore, reasonable minds could have differed as to the propriety of the discovery request. The award of costs is **DENIED**.

## PLAINTIFF'S MOTION TO CONTINUE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, ECF NO. 46

Plaintiffs filed a motion to continue the Court's consideration of Defendant's pending motion for summary judgment. Plaintiffs argue that the above discovery is necessary for them to properly present a full response to Defendant's dispositive motion. Fed R. Civ. P. 56(d) states that when a party establishes that they cannot properly defend against a motion for summary judgment, the Court may continue the motion to allow the non-movant more time to collect necessary evidence.

When the evidence is "crucial to material issues in the case, discovery should be allowed before the trial court rules on a motion for summary judgment." *Program Engineering, Inc. v. Triangle Pub'lns., Inc.*, 634 F.2d 1188, 1193 (9th Cir. 1980). However, as discussed above, the requested discovery is not crucial to a material element in this case. In any motion for summary judgment, the Court is

certain to find that the public interest is impacted in this case under a CPA claim, and that a FDCPA claim does not require pattern evidence to survive. *See supra*. Thus the requested evidence has no need to be placed in a response to Defendant's motion for summary judgment. *See Hangman Ridge*, 105 Wn.2d at 791-92 (public interest element established as a matter of law when a per se allegation is involved).

Thus, allowing the discovery to go forward would have no impact on Plaintiffs' ability to survive a summary judgment motion. The Court therefore **denies** the order. However, in considering the time the Court has held these motions under advisement, the Court will allow Plaintiffs to respond to Defendant's motion as if it were filed today.

## CONCLUSION

The requested discovery does not contribute to the resolution of issues in this case. Balanced against the high cost of producing so many documents, the Court concludes that the discovery request is disproportionate to the needs of the case and **grants** the motion for a protective order.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Protective Order, ECF No. 26, is **GRANTED**.

2. Under Fed. R. Civ. P. 26(c), Defendant MTC Financial, Inc. is protected from answering the following discovery requests propounded by Plaintiffs, dated December 16, 2016:

   A. Interrogatories nos. 2 through 7;

   B. Requests for Production nos. 1 through 4, and 6 through 13; and

   C. Documents requested as part of Plaintiff's Notice of 30(b)(6) deposition, as listed in Exhibit B, nos. 2 through 5 and 7 through 14. The scope of document

request 1 in Exhibit B is limited to documents relevant to foreclosure of the property in question in this lawsuit.

3. The request for costs is **DENIED**.

4. Plaintiffs' Motion to Continue Defendant's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(d), ECF No. 46, is **DENIED**.

5. Plaintiff may file a response to Defendant's motion for summary judgment by **May 1, 2017**. Any other responses or replies shall be in accordance with the Local Rules of this Court and the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**  The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 30th day of March, 2017.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR . . . ^ 14**