UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GREGORY ROSE and CATHERINE ROSE, and the marital community composed thereof,<br><br>    Plaintiffs,<br><br>    v.<br><br>BANK OF AMERICA, N.A., aka BANK OF AMERICA CORPORATION, a North Carolina Company; MTC FINANCIAL INC. dba TRUSTEE CORPS., a Washington licensed Corporation; and EQUIFAX INFORMATION SERVICES, LLC, a Georgia Limited Liability Company,<br><br>    Defendants. | No. 2:16-cv-00122-SAB<br><br>**ORDER DENYING MOTION FOR PROTECTIVE ORDER** |

    Before the Court is Defendant's Stipulated Proposed Protective Order, ECF No. 61. The parties jointly seek a protective order on confidential or personal materials filed in this case. However, the parties have neglected to file an actual motion and have failed to make any substantive arguments as to the necessity of a protective order.

**ORDER DENYING MOTION FOR PROTECTIVE ORDER ^ 1**

The product of pretrial discovery is presumptively public, though Federal Rule of Civil Procedure Rule 26(c) permits a district court to override this presumption upon a showing of good cause. *San Jose Mercury News, Inc. v. U.S. District Court—Northern Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). Rule 26(c) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Prior to the grant of a protective order, the moving party must certify it has "conferred or attempted to confer with other affected parties in an effort to resolve the dispute *without court action*." Fed. R. Civ. P. 26(c) (emphasis added).

Where the parties agree, as here, that certain information should remain confidential, it may be prudent to enter into an agreement setting forth in writing what information shall remain private. It is unnecessary, however, for such an agreement to have this Court's imprimatur. A court issued protective order is less necessary since Rule 5(d) was amended to only require filing discovery material actually used in support of an action. Because not all discovery material need be filed, most discovery material is not readily accessible to the public. Therefore, the primary concern regarding confidential materials is how the parties themselves handle such material. The Court will not hesitate to issue a protective order when it is necessary; however, the moving party or parties must demonstrate good cause exists and must bear the "burden of showing specific prejudice or harm" that would result if no protective order is granted. *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). In other words, the moving party must demonstrate why the parties cannot resolve the issue without court action—a standard that will generally not be met when the parties agree to the terms of a proposed protective order.

The motion at hand fails to demonstrate specific harm or prejudice that will result if no protective order is granted. Additionally, the parties appear to be in agreement on what material is appropriate for discovery and how it should be

handled. Accordingly, the Court **denies** the stipulated request for a protective order.

The Court encourages the parties to continue cooperating with respect to the handling of potentially sensitive discovery material. The parties may, upon proper showing tied to specific discovery material, move the Court to seal certain discovery filings. However, given that the parties have not shown good cause, the Court encourages the parties to file a subsequent motion for a protective order only if they can show the specific harm that would follow were the Court to deny entry of a protective order, and only if the status quo were to change and the parties were unable to resolve the conflict without the intervention of the Court.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Stipulated Motion for a Protective Order, ECF No. 61, is **DENIED**.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 14th day of June, 2017.



Stanley A. Bastian
United States District Judge

**ORDER DENYING MOTION FOR PROTECTIVE ORDER ^ 3**